1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE

9

10 STATE OF WASHINGTON,                    CASE NO. C25-1507 MJP

11                   Plaintiff,            ORDER DENYING MOTION TO
                                           INTERVENE
12        v.

13 U.S. DEPARTMENT OF
   COMMERCE; HOWARD
14 LUTNICK; NATIONAL OCEANIC
   AND ATMOSPHERIC
15 ADMINISTRATION; and LAURA
   GRIMM,
16
                   Defendants.
17

18

     This matter comes before the Court on the Motion to Intervene filed by John

19

Worthington, pro se. (Dkt. No. 11.) Having reviewed the Motion, the Responses (Dkt. Nos. 16 &

20

17), the Reply (Dkt. No. 21), and all supporting materials, the Court DENIES the Motion.

21

**BACKGROUND**

22

     The State of Washington commenced this action to challenge Defendants' termination of

23

two federal awards of more than $9 million that were legally obligated to Washington to help

24

communities disproportionately exposed to the adverse effects of climate change to build

resiliency. (Complaint ¶¶ 1-3 (Dkt. No. 1).) Washington has filed suit against the U.S.

Department of Commerce, Howard Lutnik (Secretary of Commerce), the National Oceanic and

Atmospheric Administration, and Laura Grimm (Acting Administrator of NOAA). (Id. ¶¶ 22-

25.)

      Appearing pro se, John Worthington seeks to intervene in order to protect "his civil rights

to be immune from racial discrimination and his treaty rights under the Point No Point Treaty of

1855." (Mot. to Intervene at 6.) Worthington provides little details about these claimed rights.

But in his Motion for Leave to File Counterclaims against NOAA, the Bureau of Indian Affairs,

the Environmental Protection Agency, the Federal Emergency Management Agency, and several

individuals, he explains his desire to defend "the civil rights of white 'colonizers' including

Worthington." (Mot for Leave to Amend at 1 (Dkt. No. 26).)

      Both Washington and Defendants object to Worthington's request to intervene, which

presents arguments as to interevention as a right under Fed. R. Civ. P. 24(a)(2) and permissive

intervention under Fed. R. Civ. P. 24(b).

## ANALYSIS

### A.    No Grounds to Intervene as a Right

      "To intervene as of right under Rule 24(a)(2), the [intervenor] must show that: (1) their

motion is timely; (2) they have a 'significantly protectable interest relating to the property or

transaction which is the subject of the action;' (3) 'the disposition of the action may as a practical

matter impair or impede [their] ability to protect that interest;' and (4) their 'interest is

inadequately represented by the parties to the action.'" E. Bay Sanctuary Covenant v. Biden, 102

F.4th 996, 1001 (9th Cir.), cert. denied sub nom. Kansas v. Mayorkas, 145 S. Ct. 415, 220 L. Ed.

2d 170 (2024) (quoting <u>Wilderness Soc'y v. U.S. Forest Serv.</u>, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc)). The intervenor bears the burden of proof on all four elements. <u>Id.</u> "In evaluating whether these requirements are met, courts are guided primarily by practical and equitable considerations." <u>United States v. City of Los Angeles</u>, 288 F.3d 391, 397 (9th Cir. 2002) (citation and quotation omitted). "Courts construe Rule 24(a) broadly in favor of proposed intervenors." <u>Callahan v. Brookdale Senior Living Communities, Inc.</u>, 42 F.4th 1013, 1020 (9th Cir. 2022) (citation and quotation omitted).

While Worthington's Motion is timely, he has failed to satisfy the other three elements of intervention as a right. First, he has not identified with any particular specificity what his purported protectable interest is with regard to the federal awards at issue. In his Motion, Worthington states that he has a "protected interest in his civil rights to be immune from racial discrimination, and his treaty rights under the Point No Point Treaty of 1855." (Mot. at 6.) But to be protectable, the rights "must be concrete and related to the underlying subject matter of the action." <u>United States v. Alisal Water Corp.</u>, 370 F.3d 915, 919 (2004). Worthington has failed to identify how the two high-level conceptual rights he identifies relate to the underlying dispute between the Plaintiff and Defendants. For example, Worthington does not explain how the relief Washington seeks would cause racial discrimination or violate any right secured to him as a "colonizer" under the Point No Point Treaty of 1855. Similarly, the Court finds that Worthington's assertion that he has "regional rights that are specific to him" fails to be inadequately concrete to satisfy this element of Rule 24(a)(2). <u>See</u> <u>Alisal</u>, 370 F.3d at 9191. In addition, the vaguely-asserted right is not sufficiently explained to be "direct, non-contingent, [and] substantial" to satisfy the legal standards. <u>Cal. ex rel. Lockyer v. United States</u>, 450 F.3d

436, 441 (9th Cir. 2006) (quoting <u>Dilks v. Aloha Airlines</u>, 642 F.2d 1155, 1156-57 (9th Cir. 1981) (per curiam)). The rights Worthington identifies does not satisfy this claim element.

Second, even if the rights Worthington has identified are significant protectable interest, he has failed to demonstrate how the disposition of this action might impair or impede his protected interests. Absent is any explanation of how Defendants' termination of the federal awards might cause racial discrimination against Worthington. Similarly, Worthington has done nothing to explain how the relief Washington seeks would implicate, much less violate any right he may have under the Point No Point Treaty of 1855. And to the extend that he claims to have local interests with which he has "regional familiarity," Worthington has not explained how the present dispute would impact those interest. The Court finds Worthington has also failed to satisfy this element of intervention as a right.

Third, the Court finds no basis on which to conclude that Worthington's interests are inadequately represented. The Court considers three factors in deciding whether a present party adequately represents the interests of a prospective intervenor: "'(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." <u>Callahan</u>, 42 F.4th at 1020 (quoting <u>Arakaki v. Cayetano</u>, 324 F.3d 1078, 1086 (9th Cir. 2003)). In his Motion, Worthingon moves to interevene to "defend the federal funding cuts[.]" (Mot. at 1; Defs. Opp. at 1.) As Defendants explain, "the United States intends to vigorously defend the agency action at issue in this lawsuit and can thus adequately represent any interest Mr. Worthington may have in whether or not the State of Washington receives the federal funding it seeks in this litigation." (Defs. Opp. at 1.) Worthington offers no basis on

1   which to dispute this assertion. At most, Worthington "doubts the [Department of Commerce]

2   can represent his interest, because they do not have the local expertise involving Washington

3   State and tribal global activities and agendas." (Mot. at 1.) But Worthington fails to explain why

4   this his local expertise would be necessary to bring to bear on a dispute that does not appear to

5   involve or implicate any such knowledge. Nor is there evidentiary support for Worthington's

6   assertions orthat he would offer any necessary elements that the other parties might neglect.

7       For these reasons, the Court DENIES the Motion as to intervention as a right.

8   **B.    No Grounds for Permissive Intervention**

9       Under Rule 24(b)(1), a "court may permit anyone to intervene who: (A) is given a

10  conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with

11  the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "[A] district court has

12  discretion to permit intervention when the movant presents (1) an independent ground for

13  jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the

14  movant's claim or defense and the main action." Callahan, 42 F.4th at 1022 (quotation and

15  citation omitted). But even if satisfied, district courts have "discretion to deny permissive

16  intervention." Cooper v. Newsom, 13 F.4th 857, 868 (9th Cir. 2021), cert. denied

17  sub nom. San Bernardino Cnty. Dist. Att'y v. Cooper, ___ U.S. ___, 143 S. Ct. 287 (2022). "In

18  exercising its discretion, the court must consider whether the intervention will unduly delay or

19  prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

20      The Court finds no merit in Worthington's request for permissive intervention.

21  Worthington suggests that he alone possesses local expertise and evidence necessary to defend

22  the funding cuts at issue. But Worthington has failed to articulate what the expertise is, and why

23  it might be necessary to allow his intervention. Nor has he explained common question of law

24

and fact between the claims he wishes to purse as an Intervenor and through his proposed set of countercalims. Even if the Court were to find the Callahan elements satisfied, it still finds intervention inappropriate  because the interjection of Worthington's various theories, arguments, and sprawling counterclaims would unduly delay resolution of the claims Plaintiff asserts and impair the rights of the parties' to a swift, just determination of the narrow dispute presented. Additionally, because Worthington is appearing pro se, he may not represent the interests of the proposed class of "white 'colonizers.'" (Proposed Counterclaims at 14 (Dkt. No. 26-1).)

The Court therefore DENIES the request for permissive intervention.

## CONCLUSION

Worthington has not demonstrated that he is entitled to or should be permitted to intervene in this action. While the Court does not doubt the sincerity of Worthington's convictions, it finds no merit in his Motion. Plaintiff and Defendants appear before the Court on a narrow issue that does not appear to implicate the high-level rights Worthington identifies, and the Court believes that counsel for both sets of Parties are adequate to litigate this matter and the rights at issue. The Court thus DENIES the request for intervention as a right. Similarly, the Court finds that Worthington has failed to demonstrate the propriety of permissive intervention and DENIES this request. The Court DENIES in full the Motion to Intervene. Additionally, because Worthington is not a party to this lawsuit he cannot seek leave to amend counterclaims (or any claims), the Court DENIES the Motion for Leave to Amend (Dkt. No. 26).

\\

\\

\\

The clerk is ordered to provide copies of this order to Worthington and all counsel.

Dated October 14, 2025.

Marsha J. Pechman
United States Senior District Judge