District Judge Tana Lin

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, | CASE NO. 2:25-cv-1507-TL |
| Plaintiff, | **DEFENDANTS' MOTION TO STAY PENDING LITIGATION DEADLINES DUE TO LAPSE IN APPROPRIATIONS** |
| v. | |
| UNITED STATES DEPARTMENT OF COMMERCE, et al., | NOTE ON MOTION CALENDAR: NOVEMBER 20, 2025 |
| Defendants. | |

Defendants respectfully move for a stay of pending litigation deadlines, including their November 10, 2025 deadline to respond to Plaintiff's Complaint and the deadlines set forth in the Court's October 14 Scheduling Order (ECF No. 31). The reasons for the motion are set forth below.

1. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and those appropriations to the Department lapsed. The same is true for the majority of other Executive agencies, including the Department of Commerce. The Department does not know when such funding will be restored by Congress.

2. Absent an appropriation, Department of Justice attorneys and employees of the Department of Commerce are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of

DEFENDANTS' MOTION TO STAY PENDING LITIGATION DEADLINES
DUE TO LAPSE IN APPROPRIATIONS
Case No. 2:25-CV-1507-TL

U.S. DEPARTMENT OF JUSTICE
FEDERAL PROGRAMS BRANCH
1100 L ST. NW
Washington, DC 20005
(202)-616-8098

property." 31 U.S.C. § 1342. The Act specifically states that "the term 'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id*.

3. Undersigned counsel for the Department of Justice therefore requests a stay of pending litigation deadlines, including the November 10, 2025 deadline to respond to Plaintiff's Complaint and the deadlines set forth in the Court's October 14 Scheduling Order (ECF No. 31), until Congress has restored appropriations to the Department.

4. If this motion for a stay is granted, undersigned counsel will notify the Court as soon as Congress has appropriated funds for the Department. The Government requests that, at that point, Defendants' November 10, 2025 deadline to respond to Plaintiff's complaint and the dates set forth in the October 14 Scheduling Order be extended as circumstances warrant once funding is restored. Specifically, the Government requests that these deadlines be stayed pending further order of the Court and proposes that the parties file a joint status report within 14 days of the restoration of appropriations that will recommend a schedule for appropriate further proceedings.

5. Additional considerations also support Defendants' requested stay. Defendants have now appealed the preliminary injunction order, *see* ECF No. 36, and the Solicitor General has authorized Defendants to seek a stay of that injunction in the Ninth Circuit Court of Appeals.[1] The Ninth Circuit's disposition of that appeal will likely resolve, or at minimum substantially clarify, the legal claims at issue in this case. While that appeal—including the jurisdictional issues it will

---

[1] Unlike the requested stay and extension of pending routine litigation deadlines that Defendants seek in this motion, which relate to "ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property," 31 U.S.C. § 1342, the appeal and forthcoming motion to stay the preliminary injunction seek relief from an operative Court Order that requires the disbursement of federal funds. *See, e.g.*, *In Re: Stay of Civil Proceedings Involving the United States in Light of Lapse of Appropriations*, Standing Order No. 25-55 (JEB) (D.D.C. Oct. 1, 2025) (attached hereto as Exhibit A) (granting district-wide extension of all "filing and discovery deadlines imposed upon the United States" based on the lapse in appropriations, but declining to extend such relief to proceedings for temporary restraining orders or preliminary injunctions).

DEFENDANTS' MOTION TO STAY PENDING LITIGATION DEADLINES
DUE TO LAPSE IN APPROPRIATIONS
Case No. 2:25-CV-1507-TL

U.S. DEPARTMENT OF JUSTICE
FEDERAL PROGRAMS BRANCH
1100 L ST. NW
Washington, DC 20005
(202)-616-8098

present—is pending, it would not be an efficient use of judicial or party resources to require Defendants to respond to Plaintiff's complaint or for the parties to otherwise engage in initial case planning activities.[2]  *See, e.g.*, *Washington v. Trump*, 2017 WL 1050354, at *5 (W.D. Wash. Mar. 17, 2017) (staying proceedings pending a preliminary injunction appeal and concluding that because "many of the legal arguments" presented in a motion for preliminary relief were "likely to be before the Ninth Circuit," it would "waste judicial resources to decide these issues here when guidance from the Ninth Circuit is likely to be available soon"); *Calvillo Manriquez v. DeVos*, 2018 WL 5316174, at *3 (N.D. Cal. Aug. 30, 2018) (granting stay pending appeal because, without it, the court would have been "forced to address the summary judgment claims in piecemeal fashion" and would "have to wait until the issue on appeal is resolved before deciding the final relief, if any").  In addition, undersigned counsel for Defendants will soon be leaving employment with the Department of Justice, and the need to reassign the case and allow new lead counsel to gain familiarity with the case also supports a stay, or at minimum extension, of upcoming litigation deadlines.

6.   Defendants further submit that Plaintiff would not be prejudiced by the requested stay. So long as the preliminary injunction is in effect, Defendants will comply with its terms.  And while Defendants intend to seek a stay of the injunction pending appeal, any such stay is at this point speculative.  If circumstances change (including because the injunction is at some point in the future vacated or narrowed) such that Plaintiff determines further district court proceedings are necessary before the lapse in appropriations ends, Plaintiff would be free to seek any appropriate relief at that time.  At present, however, while appropriations have lapsed and undersigned counsel is generally prohibited from working on this matter, and where Defendants' requested stay would only serve to temporarily extend Defendants' responsive pleading deadline and other preliminary case management dates, Defendants respectfully submit that a stay until funding can be restored is the most prudent course.

---

[2] Defendants are not in this motion seeking a stay of district court proceedings pending the appeal, but reserve their right to file an appropriate motion for such relief as necessary.

DEFENDANTS' MOTION TO STAY PENDING LITIGATION DEADLINES
DUE TO LAPSE IN APPROPRIATIONS
Case No. 2:25-CV-1507-TL

U.S. DEPARTMENT OF JUSTICE
FEDERAL PROGRAMS BRANCH
1100 L ST. NW
Washington, DC 20005
(202)-616-8098

7. Plaintiff, through counsel, has stated that it does not consent to the relief requested in this motion.

Therefore, although we greatly regret any disruption caused to the Court and other litigants, the United States hereby moves for a stay of pending litigation deadlines until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

DATED: October 30, 2025                    Respectfully submitted,

                                           BRETT A. SHUMATE
                                           Assistant Attorney General

                                           JOSEPH E. BORSON
                                           Assistant Branch Director

                                           */s/ R. Charlie Merritt*
                                           R. CHARLIE MERRITT
                                           Senior Counsel
                                           U.S. Department of Justice
                                           Civil Division, Federal Programs Branch
                                           1100 L St. NW
                                           Washington, DC 20005
                                           Phone: (202) 616-8098
                                           E-mail: robert.c.merritt@usdoj.gov

                                           *Attorneys for Defendants*

DEFENDANTS' MOTION TO STAY PENDING LITIGATION DEADLINES
DUE TO LAPSE IN APPROPRIATIONS
Case No. 2:25-CV-1507-TL

U.S. DEPARTMENT OF JUSTICE
FEDERAL PROGRAMS BRANCH
1100 L ST. NW
Washington, DC 20005
(202)-616-8098

## CERTIFICATION OF CONFERRAL

I hereby certify that I conferred with counsel for the Plaintiff via a telephone call and multiple emails, but the parties were unable to resolve the issues presented by this motion.

Dated: October 30, 2025

                                    */s/ R. Charlie Merritt*
                                    R. CHARLIE MERRITT
                                    Senior Counsel

DEFENDANTS' MOTION TO STAY PENDING LITIGATION DEADLINES
DUE TO LAPSE IN APPROPRIATIONS
Case No. 2:25-CV-1507-TL

U.S. DEPARTMENT OF JUSTICE
FEDERAL PROGRAMS BRANCH
1100 L ST. NW
Washington, DC 20005
(202)-616-8098